IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROBINSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:14-cv-00269 |
| | : | |
| WAYNE J. GAVIN, et al. | : | Hon. John E. Jones III |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### March 30, 2015

Petitioner David Robinson has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  He challenges a sentence calculation of the Pennsylvania Board of Probation and Parole (the "Board"), and his continued detention pursuant thereto.  Id.  In his petition, Robinson argues that the Board has failed to properly credit him for time served in federal custody.  Id.  For the reasons set forth below, the petition will be dismissed.

## I.    Statement of Relevant Facts

On July 16, 1996, Robinson was sentenced in a Pennsylvania state court to a prison sentence of 6 ½ to 13 years for his conviction on four counts of Manufacture/Sale/Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance.  (Doc. 13, Ex. 1).  Based on this conviction, Robinson's earliest release date was set at January 16, 2003, with his latest release date being

July 16, 2009.  Id.  On January 21, 2003, Robinson was paroled from this sentence. Id. at Ex. 2.

On October 28, 2004, Robinson was rearrested as a technical parole violator. Id. at Ex. 4.  On November 23, 2004, the Board conducted a violation hearing and ultimately recommitted Robinson as a technical parole violator for two counts of "failure to refrain from assaultive behavior" and one count of possession of alcohol.  Id. at Ex. 6, 7.  Robinson maximum release date remained July 16, 2009. Id. at Ex. 7.  On November 10, 2005, Robinson was indicted in the United States District Court for the Western District of Pennsylvania on charges of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine and Possession with Intent to Distribute Less than 500 Grams of Cocaine.  Id. at Ex. 8.  These crimes were committed between January 2003 and May 2005, while Robinson was on parole.  Id.

Robinson was arrested and detained by federal authorities on December 7, 2005, and remained in federal custody until December 21, 2005.  (Doc. 1, Ex. 1, p. 8).  Robinson never posted bail from the federal charges.  (Doc. 13, Ex. 8).  On March 1, 2006, Robinson was again transferred to federal custody, where he remained until October 11, 2006.  (Doc. 1, Ex. 1, p. 8).  On March 9, 2006, Robinson pled guilty to the federal charges.  (Doc. 13, Ex. 8).  On October 10, 2006, Robinson was sentenced to 235 months incarceration in federal custody.  Id.

at Ex. 10.  On the same day, based on his federal conviction, the Board recommitted Robinson to serve his remaining state sentence as a convicted parole violator.  Id. at Ex. 11.

On February 15, 2007, Robinson was returned to federal custody.  (Doc. 1, Ex. 1, p. 8).  On December 13, 2007, Robinson's federal sentence was reduced from 235 months to 120 months imprisonment.  (Doc. 13, Ex. 8).  Robinson was returned to state custody on December 20, 2007, where he remained until March 18, 2009.  (Doc. 1, Ex. 1, p. 8).  On March 18, 2009, Robinson was transferred to federal custody, where he began serving his federal sentence.  (Doc. 13, Ex. 12). Robinson completed his federal sentence on September 18, 2013, and was returned to state custody that day.[1]  Id. at Ex. 5, 12.

On December 24, 2013, the Board recalculated Robinson's sentence based upon his recommitment as a convicted parole violator, and revised his maximum release date to February 4, 2019.  Id. at Ex. 14.  This decision was mailed to Robinson on January 13, 2014.  Id.  Robinson did not appeal this decision with the Board.  Id. at Att. A at ¶ 48.  On May 29, 2014, the Board recalculated Robinson's sentence in order to credit him with two additional days of time served.  Id. at Ex. 16.  Thus, his maximum release date was revised to February 2, 2019.  Id. Robinson did not appeal this decision to the Board.  (Doc. 18, Att. A1 at ¶6).

---

[1] Prior thereto on April 5, 2011, the Board lodged a detainer against Robinson so ensure that he was returned to State custody to complete his State sentence.  (Doc. 13, Ex. 13).

## II.    **Discussion**

Subject to limited exceptions, a petitioner filing a writ of habeas corpus pursuant to Section 2254 must first exhaust all claims in state court.  28 U.S.C. §2254(b)(1).  "In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'"  Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).  A state court appeal must comply with relevant procedural requirements in order to properly exhaust a claim.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

The doctrine of procedural default is a similar concept.  Where an individual has not fairly presented his or her claims in state court, but the claim is now "barred from consideration in the state courts by an 'independent and adequate' state procedural rule[,]" procedural default has occurred.  Carpenter, 296 F.3d at 146 (citing Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)).  A federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"  Coleman, 501 U.S. at 734-35 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)).

Subject to limited exceptions, where a claim is procedurally defaulted a federal

court may not consider the merits of that claim.  <u>See</u>, <u>Carpenter</u>, 296 F.3d at 146.

          *1.  <u>Robinson's Claim is Barred by an Independent and Adequate State Rule</u>*

          Robinson challenges the Board's recalculation of his prison sentence,

arguing that they have failed to credit him for time served in federal custody.

(Doc. 1).  In doing so, Robinson could challenge two different decisions: the

December 24, 2013 decision extending his confinement until February 4, 2019, or

the Board's May 29, 2014 decision that provided a maximum release date of

February 2, 2019.  (Doc. 13, Ex. 14, 16).

          Pennsylvania Regulations provide that any party aggrieved by a decision of

the Board must appeal that decision to "the Board's Central Office within 30 days

of the mailing date of the Board's order."  37 Pa.Code § 73.1.  If the party is not

satisfied with the Board's decision, he or she may then appeal to the Pennsylvania

Commonwealth Court, and thereafter must file a petition to the Supreme Court of

Pennsylvania for an allowance of appeal.  <u>See</u>, <u>McMahon v. Pa. Bd. of Prob. &</u>

<u>Parole</u>, 504 Pa. 240 (1983).

          Failure to file an appeal with the Board within thirty days will preclude

judicial review in state court.  <u>Evans v. Pa. Dep't of Corr.</u>, 713 A.2d 741, 743 (Pa.

Commw. Ct. 1998); <u>Hutchinson v. Pa. Bd. of Prob. & Parole</u>, 457 F.App'x 101,

102 (3d Cir. 2011).  Consequently, failure to properly appeal a decision of the

Board will result in procedural default.  See, e.g., Hutchinson, 457 F.App'x at 102-

03; O'Brien v. Pa. Bd. of Prob. & Parole, 3:13-cv-2085, 2014 WL 3867910, at *4

(M.D. Pa. Aug. 4, 2014).

    The Board mailed its first decision recalculating Robinson's maximum

release date on January 13, 2014.  (Doc. 13, Ex. 14).  It is undisputed that

Robinson did not appeal this decision to the Board within thirty days.  See, docs.

14, 15.  Consequently, any claim related to the Board's January 13, 2014 decision

is procedurally defaulted.  The Board mailed its second decision relating to

Robinson's maximum release date on May 29, 2014.  (Doc. 13, Ex. 16).  Thus,

Robinson had until June 30, 2014 to appeal that decision.  37 Pa.Code § 73.1.

Robinson did not file an appeal with the Board on or before June 30, 2014, nor has

he filed any appeal to date.  (Doc. 18, Att. A1 at ¶6).  His time to appeal that

decision has lapsed, and therefore any claim regarding the Board's second decision

is likewise procedurally defaulted.

    2. *No Exception to Procedural Default Exists*

    If procedural default has occurred, a district court may consider the merits of

the claim only if "the applicant establishes 'cause' to excuse the default and actual

'prejudice' as a result of the alleged violation of the federal law or [] the applicant

demonstrates that failure to consider the claim will result in a 'fundamental

miscarriage of justice.'"  Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at

750).  A petitioner will establish "cause" for defaulting if he or she shows that "some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." Murray, 477 U.S. at 488.  To establish actual prejudice the petitioner must show that the errors at trial "worked to his [or her] actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." Id. at 494.

The "fundamental miscarriage of justice" exception applies only where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496.  In such a scenario, the petitioner must present new and reliable evidence, not presented at trial, demonstrating that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537-38 (2005) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Robinson has presented no argument that cause exists to excuse his procedural default, with the exception of an argument that his sentence had expired prior to the Board rendering their decisions.  (Doc. 15).  Therefore, Robinson argues, the Board did not have custody over him, nor did it have jurisdiction to render its decisions. Id.  This argument is not an established basis for excusing a procedural default and, importantly, Robinson's argument is factually incorrect.

Assuming that Pennsylvania maintained exclusive jurisdiction over Robinson from the time of his arrest until it released him to federal custody on March 18, 2009, his state sentence would not have been completed at the time of his transfer to federal custody.  It is undisputed that Robinson's state sentence ran until July 16, 2009.  See, docs. 1, 13, 15.  Thus, at the time of his transfer to federal custody, Robinson had 120 days remaining on his state sentence.  Robinson was transferred back to state custody on September 18, 2013 after completing his federal sentence.  (Doc. 13, Ex. 5, 12).  Therefore, when the Board recalculated Robinson's sentence on December 24, 2013, 23 days remained on Robinson's original state sentence.  The State therefore properly exercised jurisdiction over Robinson, and his argument is meritless.  As a result, Robinson has not provided sufficient cause to excuse his procedural default.

Additionally, Robinson has made no argument that a fundamental miscarriage of justice has occurred and has presented no new evidence to this Court in support of such an argument.  See, docs. 1, 15, 16.  Thus, the fundamental miscarriage of justice exception does not apply.  House, 547 U.S. at 537-38.  Consequently, Robinson has failed to establish an exception to procedural default, and this Court may not consider the merits of his petition.

### C. Certificate of Appealability

Under the AEDPA, when a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should be issued if "jurists of reason" would find that: (1) it is debatable whether the petition states a valid claim for the denial of a constitutional right, and (2) it is debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483 (2000).

Robinson's claim is procedurally defaulted, and he has made no legitimate argument that his default should be excused. Therefore, jurists of reason could not find it debatable that this Court does not have jurisdiction to consider Robinson's petition and, as a result, a certificate of appealability will not be issued.

## IV.   Conclusion

A review of the record reveals that Robinson has procedurally defaulted on any potential claims, and no exceptions exist that would permit this Court to review those claims on the merits. The petition will therefore be dismissed.

An appropriate Order will be entered.